# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALEXIS ALBERTO CANTILLANO, | : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:02-CR-0397-RWS |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:07-CV-2248-RWS |

## ORDER AND OPINION

Movant, Alexis Alberto Cantillano, presently incarcerated at the United States Penitentiary in Adelanto, California, seeks pursuant to 28 U.S.C. § 2255 to challenge the validity of his June 28, 2006, conviction and sentence. [Doc. 50]. This matter is now before the Court for a review of the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter "Rule 4").[1]

On June 28, 2006, Movant was sentenced to eighty-five months imprisonment after pleading guilty to illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a)-(b). [Doc. 34]. Movant appealed his conviction and sentence to the Eleventh Circuit Court of Appeals. [Doc. 35]. In claiming that his sentence was not reasonable

---

[1] Rule 4(b) requires this Court to order summary dismissal of a motion to vacate "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

pursuant to 18 U.S.C. § 3553(a), Movant argued, <u>inter</u> <u>alia</u>, that his criminal history was "over-represented due to his history of mental illness." [Doc. 48 at 2]. Upon consideration of the § 3553(a) factors and Movant's contentions, the Eleventh Circuit affirmed Movant's sentence on the basis that it did not fall "outside the range of reasonableness." [<u>Id.</u> at 6].

On September 13, 2007, this Court received Movant's § 2255 motion. [Doc. 50]. In his sole ground for relief, Movant again claims that his sentence is not reasonable pursuant to 18 U.S.C. § 3553(a) because "his criminal history was distorted and over-represented due to a history of mental illness." [<u>Id.</u> at 5].

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. Federal courts have consistently held, however, that a collateral challenge to a federal conviction and sentence, such as the instant § 2255 motion, "may not be a surrogate for a direct appeal." <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004).

The threshold inquiry in considering § 2255 claims is whether the alleged errors are cognizable in a § 2255 proceeding. <u>Lynn</u>, 365 F.3d at 1233. As recognized in <u>Lynn</u>, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional

2

rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation and citation omitted).

In analyzing claims raised in a § 2255 motion, "[t]he district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.2d 1340, 1343 (11th Cir. 2000) (citing United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir.1981)). In other words, "once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." Id. (quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir.1977)).

In his sole ground for relief, Movant claims that his sentence is not reasonable pursuant to 18 U.S.C. § 3553(a) because "his criminal history was distorted and over-represented due to a history of mental illness. This claim, however, has been previously raised and rejected on direct appeal. [See Doc. 48 at 2-6]. Accordingly, Movant is precluded from raising this claim in the instant § 2255 motion in light of the fact that it was adjudicated on direct appeal.

3

For the foregoing reasons, **IT IS HEREBY ORDERED** that Movant Alexis Alberto Cantillano's 28 U.S.C.§ 2255 motion [Doc. 50] is **DENIED** pursuant to Rule 4(b) and that the instant action is **DISMISSED**.

**IT IS SO ORDERED**, this  30th  day of October, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE